NO. 23-10572-H

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

AMANDA CURLEE,
Intervenor-Appellant,

vs.

AT&T MOBILITY SERVICES, LLC a/k/a
AT&T MOBILITY LLC,
Defendant-Appellee.

---

Intervenor-Appellant Appeals an Order Denying
Motion for Class Certification
by the United States District Court for the Northern District of Georgia
Case No. 1:18-cv-03730-WMR
(Hon. William M. Ray, II)

---

## APPELLEE'S RESPONSE TO JURISDICTIONAL QUESTIONS

Kenneth W. Gage
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000
kennethgage@paulhastings.com

Christine L. Cedar
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, D.C. 20036
(202) 551-1700
christinecedar@paulhastings.com

*Attorneys for Defendant-Appellee*

# TABLE OF CONTENTS

**Page**

APPELLEE AT&T MOBILITY LLC'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .............C-1

SUMMARY OF RESPONSE TO JURISDICTIONAL QUESTIONS ...................1

INTRODUCTION ..............................................................................................1

BACKGROUND ...............................................................................................3

The Underlying Action ..............................................................................3

The Motion to Intervene ............................................................................5

ARGUMENT ....................................................................................................6

I.    YES. THE STIPULATION OF DISMISSAL WAS VALID AND EFFECTIVE. .........................................................................................6

A.    AT&T Services was no longer a party and never "appeared" for purposes of Rule 41(a)(1). ..................................................................7

B.    Rule 41(a)(1)(A)(ii) permits the plaintiff voluntarily to dismiss an action where the intent of the parties is manifest to the court. ........9

II.   NO. THE DISTRICT COURT DID NOT HAVE JURISDICTION TO CONSIDER AND GRANT CURLEE'S MOTION TO INTERVENE. .....12

A.    The filing of the stipulation of dismissal deprived the district court of jurisdiction to consider and grant Curlee's motion. .............13

B.    *United Airlines, Inc. v. McDonald* does not support a finding of jurisdiction. ........................................................................................16

C.    The holding of *In re Brewer* that a district court may grant post-dismissal motions to intervene is inconsistent with *Anago* and incorrect. ..................................................................................................17

CONCLUSION ...............................................................................................21

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ..........................................................................................22

CERTIFICATE OF SERVICE .......................................................................23

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Allen & Webb v. AT&T Mobility Services LLC,*
  1:18-cv-03730-WMR (N.D. Ga. Aug. 3, 2018) ...................................................1

*American Pipe & Construction Co. v. Utah,*
  414 U.S. 538 (1974)........................................................................................19

*Anago Franchising, Inc. v. Shaz, LLC,*
  677 F.3d 1272 (11th Cir. 2012) ...............................................................*passim*

*Bender v. Williamsport Area Sch. Dist.,*
  475 U.S. 534 (1986)..........................................................................................5

*Black v. Cent. Motor Lines, Inc.,*
  500 F.2d 407 (4th Cir. 1974) ...........................................................................14

*Boran v. United Migrant Opportunity Servs., Inc.,*
  99 F. App'x 64 (7th Cir. 2004) .......................................................................10

*In re Brewer,*
  863 F.3d 861 (D.C. Cir. 2017)..................................................................*passim*

*Brictson Mfg. Co. v. Woodrough,*
  284 F. 484 (8th Cir. 1922) ..............................................................................14

*Canatella v. California,*
  404 F.3d 1106 (9th Cir. 2005) .........................................................................14

*Chiles v. Thornburgh,*
  865 F.2d 1197 (11th Cir. 1989) .......................................................................14

*China Agritech, Inc. v. Resh,*
  138 S. Ct. 1800 (2018).................................................................................19, 20

*Conkling v. Turner,*
  138 F.3d 577 (5th Cir. 1998) ...........................................................................10

*Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper,*
  445 U.S. 326 (1980)..........................................................................................19

*Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc.*,
  675 F.3d 149 (2d Cir. 2012) ...............................................................14

*Dukes v. Wal-Mart Stores, Inc.*,
  No. 01-cv-02252-CRB, 2016 WL 4269093 (N.D. Cal. Aug. 15, 2016) ...............................................................................................15

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) .............................................................10

*Fort Sill Apache Tribe of Okla. v. United States*,
  No. Civ-08-0541-F, 2008 WL 2891654 (W.D. Okla. July 23, 2008) ...............15

*Fuller v. Volk*,
  351 F.2d 323 (3d Cir. 1965) ................................................................14

*In re Furlong*,
  885 F.2d 815 (11th Cir. 1989) .............................................................10

*Gardiner v. A.H. Robins Co., Inc.*,
  747 F.2d 1180 (8th Cir. 1984) ...............................................................9

*GMAC Com. Mortg. Corp. v. LaSalle Bank Nat'l Ass'n*,
  213 F.R.D. 150 (S.D.N.Y. 2003) .........................................................15

*Hardnett v. Equifax Info. Servs., LLC*,
  No. 21-13195, 2023 WL 2056285 (11th Cir. Feb. 17, 2023)............................7

*Hoefling v. City of Miami*,
  811 F.3d 1271 (11th Cir. 2016) ..............................................................9

*Hofheimer v. McIntee*,
  179 F.2d 789 (7th Cir. 1950) ...............................................................14

*Homesite Ins. Co. of Midwest v. Robards*,
  No. 3:13-cv-515-TAV-CCS, 2014 WL 359823 (E.D. Tenn. Feb. 3, 2014) ...............................................................................................15

*Jones v. Gould*,
  141 F. 698 (C.C.S.D. Ohio 1905), *aff'd*, 149 F. 153 (6th Cir. 1906) ...................8

*Jou v. Kimberly-Clark Corp.*,
No. 13-cv-03075-JSC, 2015 WL 4537533 (N.D. Cal. July 27, 2015) ................................................................................................15

*Kendrick v. Kendrick*,
16 F.2d 744 (5th Cir. 1926) ...............................................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)......................................................................*passim*

*Love v. Wal-Mart Stores, Inc.*,
865 F.3d 1322 (11th Cir. 2017) .........................................................17

*Mut. Produce, Inc. v. Penn Cent. Transp. Co.*,
119 F.R.D. 619 (D. Mass. 1988).......................................................15

*Odle v. Flores*,
899 F.3d 342 (5th Cir. 2017) .............................................................17

*Oswalt v. Scripto, Inc.*,
616 F.2d 191 (5th Cir. 1980) .............................................................10

*Peacock v. Thomas*,
516 U.S. 349 (1996)....................................................................15, 16

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984)............................................................................17

*Pipeliners Local Union No. 798 v. Ellerd*,
503 F.2d 1193 (10th Cir. 1974) .........................................................10

*Reagan v. Fox Navigation, LLC*,
No. 302CV627CFD, 2005 WL 2001177 (D. Conn. Aug. 17, 2005)..................15

*Role v. Eureka Lodge No., 434*,
402 F.3d 314 (2d Cir. 2005) ..............................................................10

*Salem Pointe Cap., LLC v. Bep Rarity Bay LLC*,
854 F. App'x 688 (6th Cir. 2021)......................................................14

*Shores v. Sklar*,
885 F.2d 760 (11th Cir. 1989) .....................................................12, 16

*Silber v. Airbnb, Inc.*,
    No. 1:18-cv-01884-RGA, 2019 WL 3997098 (D. Del. Aug. 23,
    2019) ........................................................................................15

*SmallBizPros, Inc. v. MacDonald*,
    618 F.3d 458 (5th Cir. 2010) (per curiam) ........................13

*United Airlines, Inc. v. McDonald*,
    432 U.S. 385 (1977)...............................................12, 16, 17

*United States v. Florida*,
    938 F.3d 1221 (11th Cir. 2019), *reh'g denied sub nom. United*
    *States v. Sec'y Florida Agency for Health Care Admin.*, 21 F.4th
    730 (11th Cir. 2021), *and cert. denied sub nom. Florida v. United*
    *States*, 143 S. Ct. 89 (2022) ...............................................16

*United States v. Ford*,
    650 F.2d 1141 (9th Cir. 1981) ..........................................14

*In re Wolf*,
    842 F.2d 464 (D.C. Cir. 1988)............................................9

**Statutes**

28 U.S.C. § 2072(b) ................................................................19

**Other Authorities**

9 Fed. Prac. & Proc. Civ. § 2362 (4th ed.)..............................7

Federal Rule of Civil Procedure 41 ....................................7, 8

8 Moore's Federal Practice – Civil § 41.34 .............................9

**APPELLEE AT&T MOBILITY LLC'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel hereby certifies that the following is a full and complete list of known attorneys, persons, associated persons, firms, partnerships, and corporations that have an interest in the outcome of this appeal:

1.    American Civil Liberties Union Foundation of Georgia, Inc. (counsel for Intervenor-Appellant)

2.    American Civil Liberties Union, Women's Rights Project (counsel for Intervenor-Appellant)

3.    AT&T Inc. (NYSE: T) (corporate affiliate of AT&T Mobility Services LLC)

4.    AT&T Mobility Services LLC (Defendant-Appellee)

5.    AT&T NCWS Holdings, Inc. (corporate owner of New Cingular Wireless Services, Inc.)

6.    AT&T Teleholdings, Inc. (corporate owner of SBC Telecom, Inc.)

7.    BellSouth Mobile Data, Inc. (corporate owner of AT&T NCWS Holdings, Inc.)

8.    Calvo-Friedman, Jennesa (counsel for Intervenor-Appellant)

9.    Cedar, Christine (counsel for Defendant-Appellee)

10.   Cohen Milstein Sellers & Toll, PLLC (counsel for Intervenor-Appellant)

11.   Cricket Holdco Inc. (corporate owner of AT&T Mobility Services LLC)

12.   Curlee, Amanda (Intervenor-Appellant)

13.   Gage, Kenneth W. (counsel for Defendant-Appellee)

14.   Isaacson, Cory (counsel for Intervenor-Appellant)

15.   Kotagal, Kalpana (counsel for Intervenor-Appellant)

16.   Leap Wireless International, Inc. (corporate owner of Cricket Holdco Inc.)

17.   Lopez-Delgado, Andrés M. (counsel for Intervenor-Appellant)

18.   LWI Holdco, Inc. (corporate owner of Leap Wireless International, Inc.)

19.   Maturi, Alex J. (counsel for Defendant-Appellee)

20.   New Cingular Wireless Services, Inc. (corporate owner of LWI Holdco, Inc.)

21.   Paul Hastings LLP (counsel for Defendant-Appellee)

22.   Ray, William M., II (United States District Court Judge for the Northern District of Georgia)

23.   SBC Telecom, Inc. (corporate owner of AT&T NCWS Holdings, Inc.)

24.   Sellers, Joseph M. (counsel for Intervenor-Appellant)

25.   Snipe, Sheldon W. (counsel for Defendant-Appellee)

26.   Srinivasan, Harini (counsel for Intervenor-Appellant)

27.   Tabacco Mar, Ria (counsel for Intervenor-Appellant)

28.   Thomas, Gillian L. (counsel for Intervenor-Appellant)

## SUMMARY OF RESPONSE TO JURISDICTIONAL QUESTIONS

The record before the district court manifestly demonstrates the parties' intent to dismiss the action on January 23, 2023, and the signature of AT&T Services, which nearly four years ago moved to dismiss for lack of jurisdiction and was then removed from the case by the plaintiff by amendment of the pleadings, was not required for the Rule 41(a)(1)(A)(ii) stipulation of dismissal to be effective. This Court's decision in *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012), dictates that the action was terminated and the district court lost jurisdiction. Moreover, a contrary holding would run afoul of the Rules Enabling Act, 28 U.S.C. § 2072.

## INTRODUCTION

The parties to the underlying action, *Allen and Webb v. AT&T Mobility Services LLC*, 1:18-cv-03730-WMR (N.D. Ga. Aug. 3, 2018), agreed in a confidential settlement to dismiss the action with prejudice. (Stipulation of Voluntary Dismissal, ECF 162.) On December 20, 2022, the district court administratively closed the action and directed the parties to make a "filing disposing of the case …." (Order, ECF 159.) On January 23, 2023, the plaintiffs, Cynthia Allen and Kristine Webb did just that. They filed a stipulation pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure dismissing the action "with prejudice." (ECF 162.) The next day Appellant Amanda Curlee filed a motion to

1

intervene in the district court, pursuant to Rule 24 of the Federal Rules of Civil Procedure.

The January 23, 2023 stipulation of dismissal was signed by counsel for all of the parties who ever brought claims, or were ever named as defendants in the action. A separate signature by AT&T Services was unnecessary for two reasons; first, AT&T Services never answered or moved for summary judgment but only appeared specially to seek dismissal due to lack of personal jurisdiction; and second, Allen and Webb removed AT&T Services from the case before personal jurisdiction was determined by amendment of the pleadings. The district court record demonstrates unambiguously that all parties agreed the action was terminated on January 23, 2023.

The January 23, 2023 stipulation of dismissal was effective upon filing. *Anago*, 677 F.3d at 1278. Curlee concedes this. (Mot. to Intervene, ECF 163 at 1.) The district court lost "all power over determinations of the merits" of the case, *Anago*, at 1279, and there was no longer a justiciable case into which Curlee could intervene.

Therefore, the Court should hold that the district court lacked jurisdiction to consider Curlee's motion to intervene and dismiss the appeal.

# BACKGROUND

## *The Underlying Action*

Allen commenced the action against AT&T Mobility Services LLC ("AT&T Mobility") and AT&T Services, Inc. ("AT&T Services") by filing a complaint in the district court on August 8, 2018 alleging, inter alia, putative class claims under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"). (Compl., ECF 1.) Allen filed her First Amended Complaint on January 25, 2019. (First Am. Compl., ECF 21.)

On February 8, 2019, AT&T Services specially appeared and moved to dismiss the First Amended Complaint for lack of personal jurisdiction. (Mot. to Dismiss, ECF 26.) AT&T Mobility filed an answer on February 19, 2019. (Answer, ECF 27.) AT&T Services and AT&T Mobility were represented by the same counsel. (*Pro Hac Vice* Appl. & Order, ECF 8, 13.)

Before the district court decided the motion to dismiss, AT&T Services was removed from the action. On March 1, 2019, AT&T Mobility and AT&T Services filed a Joint Stipulation of Dismissal of AT&T Services, Inc. pursuant to Rule 41(a)(1)(A)(ii), signed by all of the parties. (Stipulation of Dismissal, ECF 32.) Allen agreed to dismiss all claims in the First Amended Complaint against Defendant AT&T Services without prejudice. (*Id.*) Then, on June 14, 2019, Allen filed the Second Amended Complaint, adding Webb as a plaintiff and naming only AT&T

Mobility as defendant. (Second Am. Compl., ECF 50.) AT&T Mobility filed its answer to the Second Amended Complaint on July 26, 2019. (Answer, ECF 53.)

The parties engaged in discovery, which ended in or around July 2020. Allen and Webb moved for class certification of their PDA claims against AT&T Mobility pursuant to Rule 23 of the Federal Rules of Civil Procedure. On March 21, 2022, the district court denied Plaintiffs' motion for class certification. (Order, ECF 134.) Allen and Webb no longer were putative class representatives as a result. Settlement negotiations between the parties followed. (*See* Joint Mot. Requesting Settlement Conf., ECF 150; Order, ECF 151 (referring case to settlement conference); and Min. Entry, ECF 158 (affirming that conference occurred).)

The district court directed the clerk to "administratively close" the case on December 20, 2022, and directed the parties to "file a dismissal or other filing disposing of this case …." (Order, ECF 159.) On January 23, 2023, Allen's and Webb's counsel ended the action. She filed a stipulation dismissing with prejudice all of the claims against AT&T Mobility with the district court, pursuant to Rule 41(a)(1)(A)(ii). The stipulation of dismissal was signed by counsel for plaintiffs Webb and Allen and by counsel for AT&T Mobility. (Stipulation of Dismissal, ECF 162.)

### *The Motion to Intervene*

One day after the action terminated, Appellant Amanda Curlee filed a motion to intervene in the district court pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Mot. to Intervene, ECF 163.) She urged the district court to "rule on an expedited basis" because her time to appeal was running from the January 23, 2023 stipulated dismissal, which she concedes was self-executing and "terminated" Allen and Webb's ability to appeal the denial of class certification. (*Id.* at 1, 6.)

Curlee was aware of the underlying action earlier, however, and could have sought to intervene before the action terminated. According to her complaint in intervention, Curlee submitted a charge of discrimination to the EEOC one week earlier, on January 17, 2023, alleging claims similar to those asserted by Allen and Webb. (ECF 163-1 at 9-10, 22.)

The district court granted Curlee's motion to intervene on February 13, 2023. (Order, ECF 166.) Curlee filed a notice of appeal, and this Court *sua sponte* questioned whether it has jurisdiction over the appeal. (Jurisdictional Questions, Doc. 18.) *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (observing "[w]hen the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for purposes of correcting the error of the lower court in entertaining the suit." (citations omitted).)

# ARGUMENT

This Response addresses the Court's March 15, 2023 notice directing the parties to answer two questions:

(1) "whether the January 23, 2023 stipulation of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) was valid and effective to dismiss the claims against Defendant AT&T Mobility Services LLC, given that the stipulation appears to contain signatures for the plaintiffs and only one of the two defendants who appeared in this action"; and

(2) "[a]ssuming that the January 23, 2023 stipulation of dismissal was valid, … whether the district court had jurisdiction to consider and grant the putative class member's motion to intervene after the case was rendered final by the January 23, 2023 joint stipulation of voluntary dismissal."

## I.      Yes. The stipulation of dismissal was valid and effective.

Allen and Webb were the only plaintiffs and AT&T Mobility was the only defendant before the district court when the January 23, 2023 stipulation was filed. AT&T Services previously appeared specially to contest personal jurisdiction but was then removed from the case by Allen and Webb with the filing of the Second Amended Complaint. AT&T Services' signature was not required on the January 23, 2023 stipulation. Further, the record before the district court demonstrates clearly

the intent of all parties—Allen, Webb, AT&T Mobility and AT&T Services—that the action be terminated.

Therefore, this Court should hold that the January 23, 2023 stipulation of dismissal was valid and effective when filed.

### A. AT&T Services was no longer a party and never "appeared" for purposes of Rule 41(a)(1).

"The purpose of Federal Rule of Civil Procedure 41(a)(1) is to permit the plaintiff to dismiss an action voluntarily when no other party will be prejudiced." 9 Fed. Prac. & Proc. Civ. § 2362 (4th ed.) (citing cases). The right of a plaintiff to dismiss, which was "far-reaching at common law," is limited by "safeguards" built into Rule 41 "to ensure that the dismissal is truly voluntary." *Id.* (citations omitted.) Those safeguards were adequately satisfied here.

The words "all parties who have appeared" in Rule 41(a)(1)(A)(ii) should not be interpreted to include a former party who has specially appeared in the case only to contest personal jurisdiction and who was removed by amendment years before the stipulation was filed. This Court has never interpreted the words in that manner.[1] Nor should it. Such an interpretation would be inconsistent with the structure, history and purpose of the rule.

---

[1] This Court's recent unpublished decision in *Hardnett v. Equifax Info. Servs., LLC*, No. 21-13195, 2023 WL 2056285, at *1–2 (11th Cir. Feb. 17, 2023), does not dictate a contrary result. In that case the defendant at issue answered the complaint and the record did not clearly reflect that all parties intended the case to be terminated.

In its original form, Rule 41(a)(1) permitted plaintiffs to withdraw an action without court order before the defendant answered, or by stipulation signed by all parties who "appear[ed] generally." *See* Fed. R. Civ. P. 41 Advisory Committee Notes (1946); *cf Jones v. Gould*, 141 F. 698, 698–99 (C.C.S.D. Ohio 1905) (recognizing the distinction between an appearance specially to contest personal jurisdiction and a general appearance that places the party before the court), *aff'd*, 149 F. 153 (6th Cir. 1906). This indicated that the consent of a defendant who only specially appeared to contest personal jurisdiction was unnecessary.

The 1946 Amendments to Rule 41(a)(1)(A) expanded safeguards for defendants but did not limit a plaintiff's right to dismiss unilaterally against a defendant who had only contested personal jurisdiction. The amendment gave service of a motion for summary judgment, which can come before an answer, the same preclusive effect as an answer. Fed. R. Civ. P. 41 Advisory Committee Notes (1946). The word "generally" was removed from Rule 41(a)(1)(A)(ii) explicitly "to avoid confusion and to conform with the elimination of the need for special appearances by original Rule 12(b)." Fed. R. Civ. P. 41 Advisory Committee Notes (1946). Nothing in the Notes of Advisory Committee or the case law suggests that removal of the word "generally" was intended to require consent of a defendant like AT&T Services that only specially appeared to contest the district court's jurisdiction over it. (Mot. to Dismiss, ECF 26.)

This conclusion is further supported by the fact that Rule 15 permits plaintiffs to drop parties, too, as if they had never been named. Allen and Webb filed the Second Amended Complaint and removed AT&T Services from the case before the district court determined personal jurisdiction. (Second Am. Compl., ECF 50.) As a result, the prior allegations against AT&T Services "became a legal nullity." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (reversing district court for considering documents attached to a prior complaint on a Rule 12(b)(6) motion directed to an amended complaint omitting those attachments). Interpreting Rule 41(a)(1)(A)(ii) to require a former party's (i.e. AT&T Services') signature to effect dismissal of claims against the remaining defendant (i.e. AT&T Mobility) would undermine plaintiffs' right under Rules 15 and 41(a)(1), and would serve no legitimate purpose.

### B.    Rule 41(a)(1)(A)(ii) permits the plaintiff voluntarily to dismiss an action where the intent of the parties is manifest to the court.

The plaintiffs' right under Rule 41(a)(1)(A)(ii) to dismiss the action by stipulation has been referred to as "absolute," 8 Moore's Federal Practice – Civil § 41.34, n. 4 (citing cases), and "unconditional." *In re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1988) (granting writ of mandamus and directing district court to vacate order imposing a condition on the parties' stipulation of dismissal) (citing *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1190 (8th Cir. 1984).) On the record before the

district court, there is no reason to deprive Allen and Webb of the right to terminate the action against AT&T Mobility.

This Court and others across the country have observed that a stipulation of voluntary dismissal can be effective where the parties' intent is manifest, even in the absence of strict compliance with the Rule. *See In re Furlong*, 885 F.2d 815, 817–18 (11th Cir. 1989) (agreeing that voluntary dismissal without a signed stipulation is possible, provided "the spirit of the rule" is otherwise satisfied) (citing *Oswalt v. Scripto*, *Inc*., 616 F.2d 191, 194–95 (5th Cir. 1980) (additional citation omitted)); *see also Role v. Eureka Lodge No., 434*, 402 F.3d 314 (2d Cir. 2005) (upholding as enforceable an oral stipulation of dismissal, even though it was never reduced to writing or signed); *Boran v. United Migrant Opportunity Servs., Inc.*, 99 F. App'x 64, 66–67 (7th Cir. 2004) ("[L]iteral compliance with the [Rule 41(a)(1)(A)(ii)] stipulation requirement has not been required where the agreement of all parties is apparent." (citation omitted)); *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998) (relaxing the written stipulation requirement when the parties' agreement was "unequivocal and in the record" (citation omitted)); *Eitel v. McCool*, 782 F.2d 1470, 1472–73 (9th Cir. 1986) (holding that an unqualified oral stipulation of dismissal made in open court satisfied Rule 41(a)(1)(A)(ii), even where no formal stipulation was signed by the parties); *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1199 (10th Cir. 1974) (accepting as valid and effective an oral stipulation made in

open court, "even though no formal stipulation of dismissal was signed by all of the parties to the action").

Here, there can be no doubt that the parties intended to terminate the action against AT&T Mobility, and that non-party AT&T Services was aware of the parties' intent and consented. The January 23, 2023 stipulation was signed by two attorneys (one who had appeared in this case at all times for the plaintiffs and one who had appeared in this case at all times for the defendants). (Stipulation of Dismissal, ECF 32, 162.) Moreover, one of the attorneys appearing for the defendants, Sheldon W. Snipe, is listed in the 2023 stipulation as "AVP Senior Legal Counsel AT&T Services, Inc." (ECF 162.)

No party will be prejudiced if this Court finds that the January 23, 2023 stipulation terminated the action with prejudice as to AT&T Mobility. Even if AT&T Mobility and AT&T Services had not been jointly represented, which they were, there is no conceivable prejudice to any party or to AT&T Services from the fact that the action was being terminated against AT&T Mobility with prejudice. Allen and Webb previously manifested their intent to drop AT&T Services without prejudice, and AT&T Services and AT&T Mobility agreed. Notably, none of the parties ever named in this case can assert any prejudice from the termination of the underlying action.

Indeed, a contrary conclusion would defeat the parties' clear intentions.

**II.     No. The district court did not have jurisdiction to consider and grant Curlee's motion to intervene.**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the party asserting jurisdiction, Curlee bears the burden of establishing that it exists. *Id.* She cannot do so.

By dismissing the action as they did, Allen and Webb waived their right to appeal the denial of class certification. *See Shores v. Sklar*, 885 F.2d 760, 762 (11th Cir. 1989) (holding that a plaintiff who consents to judgment without reserving the right to appeal waives their right to appeal the denial of class certification). The filing of the stipulation of dismissal also deprived the district court of jurisdiction over the action. Therefore, at the time Curlee filed her motion to intervene, there was no action pending in the district court and no reservation of jurisdiction for any purpose.

An existing action is a precondition for intervention. Absent a reservation of jurisdiction, there is none after the filing of a Rule 41(a)(1)(A)(ii) stipulation. The Supreme Court's decision in *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), is not to the contrary, and the D.C. Circuit's decision in *In re Brewer*, 863 F.3d 861 (D.C. Cir. 2017), holding that a district court may grant post-dismissal motions to intervene, is incorrect.

Therefore, this Court should hold that the district court did not have jurisdiction to consider and grant Curlee's motion to intervene.

**A.  The filing of the stipulation of dismissal deprived the district court of jurisdiction to consider and grant Curlee's motion.**

This Court's decision in *Anago* compels the conclusion that the district court lacked jurisdiction to consider and grant Curlee's post-dismissal motion to intervene.

The district court in that case signed a consent judgment 24 days after the parties filed a Rule 41(a)(1)(A)(ii) stipulation of dismissal. Thereafter, the district court conducted further proceedings that prompted an appeal. Like here, this Court *sua sponte* questioned the district court's jurisdiction. The question presented in *Anago* was specific, "whether a district court order entered after the filing of a Rule 41(a)(1)(A)(ii) stipulation *can have any effect*." 677 F.3d at 1279 (emphasis added).

The Court resolved what it described as "tension" between the principle that the stipulation of dismissal "strips the district court of jurisdiction," and the Supreme Court's decision in *Kokkonen* to give effect to a post-dismissal order. *Id. Anago* correctly took a narrow view of jurisdiction, placing the burden on the parties to establish that jurisdiction exists after the stipulation is filed.

This Court reversed the district court in *Anago* and explained that "[a] district court *loses all power* over determinations of the merits of a case when it is voluntarily dismissed." *Id.* (citing *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (per curiam) (emphasis added)). Addressing the particulars of the case, the Court explained that to retain jurisdiction over a settlement after the filing of a stipulation of dismissal, either (1) the court must issue the order retaining

jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the court retaining jurisdiction. *Id.* at 1280.

Here, the district court issued no order retaining jurisdiction before the stipulation was filed. Nor did Allen and Webb condition the effectiveness of the stipulation on the court retaining jurisdiction for any purpose. As a result, there was no action pending in the district court when Curlee filed her motion to intervene. *Cf. Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989) (observing that "[i]ntervention under Rule 24 presumes that there is a justiciable case into which an individual wants to intervene.").[2] Therefore, *Anago* compels the conclusion that the district court's order granting Curlee's motion to intervene was invalid.[3]

---

[2] The Second Circuit similarly observed that "intervention will not be permitted to breathe life into a 'nonexistent' law suit[,]" adding that "this rule is so deeply entrenched in our jurisprudence that it is an axiomatic principle of federal jurisdiction in every circuit to have addressed the question." *Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc.*, 675 F.3d 149, 160–61 (2d Cir. 2012) ((quoting *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965), and citing *Hofheimer v. McIntee*, 179 F.2d 789, 792 (7th Cir. 1950); *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005); *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974); *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926); *Brictson Mfg. Co. v. Woodrough*, 284 F. 484, 487 (8th Cir. 1922).) *See also Salem Pointe Cap., LLC v. Bep Rarity Bay LLC*, 854 F. App'x 688, 706–07 (6th Cir. 2021) (finding a valid stipulation of dismissal "deprived the district court of jurisdiction to consider the motion to intervene"); *United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981) ("Since there is no longer any action in which appellants can intervene, judicial consideration of the [motion to intervene] would be fruitless.").

[3] District courts around the country have concluded that there is no jurisdiction to consider a motion to intervene following the filing of a stipulation of dismissal. *See*

Even if *Anago* did not compel this result, which it does, Curlee's post-dismissal motion to intervene does not fall into either of the two scenarios described by the Supreme Court in *Kokkonen*: (1) to permit resolution of claims that are "in varying respects and degrees, factually interdependent"; or (2) to enable the court to function and "effectuate its decrees." 511 U.S. 375, 378–80 (1994).

*Peacock v. Thomas*, 516 U.S. 349 (1996), precludes Curlee's reliance on the first scenario, where the Court stated that "the ability to resolve simultaneously

---

*Silber v. Airbnb, Inc.*, No. 1:18-cv-01884-RGA, 2019 WL 3997098, at *1 (D. Del. Aug. 23, 2019) ("'[O]nce a case is dismissed pursuant to Rule 41(a)(1)(A)(ii), a motion to intervene is rendered a nullity.") (citing *Fort Sill Apache Tribe of Okla. v. United States*, No. Civ-08-0541-F, 2008 WL 2891654, at *1 (W.D. Okla. July 23, 2008)); *Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-02252-CRB, 2016 WL 4269093, at *1 (N.D. Cal. Aug. 15, 2016) ("Because this action automatically terminated upon the filing of the Rule 41(a)(1)(A)(ii) notice, the Court lacks jurisdiction to adjudicate the Proposed Intervenors' Motion to Intervene."); *Jou v. Kimberly-Clark Corp.*, No. 13-cv-03075-JSC, 2015 WL 4537533, at *1–2 (N.D. Cal. July 27, 2015) (finding no jurisdiction to entertain motion to intervene once Rule 41(a)(1) dismissal is filed); *Homesite Ins. Co. of Midwest v. Robards*, No. 3:13-cv-515-TAV-CCS, 2014 WL 359823, at *2 (E.D. Tenn. Feb. 3, 2014) ("The Court lacks jurisdiction over motions to intervene . . . because 'there is no "case or controversy" pending in light of the dismissal'" filed nine days prior to motion to intervene.) (citation omitted)); *Reagan v. Fox Navigation, LLC*, No. 302CV627CFD, 2005 WL 2001177, at *1 (D. Conn. Aug. 17, 2005) ("[C]ourts have ruled that once the parties have filed a Rule 41(a)(1)[A](ii) stipulation of dismissal, there is no longer a pending case or controversy into which a non-party may intervene." (citation omitted)); *GMAC Com. Mortg. Corp. v. LaSalle Bank Nat'l Ass'n*, 213 F.R.D. 150, 150–51 (S.D.N.Y. 2003) (denying motion to intervene because "there is no 'case or controversy' pending in light of the [Rule 41(a)(1)(ii)] dismissal" (citation omitted)); *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620–21 (D. Mass. 1988) ("Because the stipulations of dismissal were effective when filed, there is no action in which to intervene and the motions to intervene are moot.").

factually intertwined issues vanished" once the original action terminated. *Id.* at 355. The second scenario is unavailable, too. Curlee is not seeking to effectuate a district court decree. Instead, she seeks the reversal of one.

Neither Allen nor Webb can proceed with the action to challenge the district court's class certification decision. *See Shores*, *supra*. It would be an anomalous application of jurisdictional principles for this Court to hold that a district court has jurisdiction allow a non-party to do so, after the action terminated.

**B.   *United Airlines, Inc. v. McDonald* does not support a finding of jurisdiction.**

In its notice posing the jurisdictional questions, the Court cited *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) ("*McDonald*"). Respectfully, *McDonald* did not address the question presented here. Nor does it support a finding of jurisdiction over Curlee's motion to intervene.

The Supreme Court granted certiorari in *McDonald* to resolve a different issue: whether the motion to intervene "was 'timely' under Rule 24" of the Federal Rules of Civil Procedure. 432 U.S. at 387, 391. In a five to three decision, the Court held that McDonald's motion was timely under Rule 24. Neither the parties nor the Court in *McDonald* raised the question presented here, which is whether a district court has *jurisdiction* to decide such a motion after a stipulation of dismissal is filed. Therefore, this Court writes on a clean slate. *See United States v. Florida*, 938 F.3d 1221, 1226 n.4 (11th Cir. 2019) ("We do not consider the Supreme Court's silence

on an issue that was not presented dispositive."), *reh'g denied sub nom. United States v. Sec'y Florida Agency for Health Care Admin.*, 21 F.4th 730 (11th Cir. 2021), *and cert. denied sub nom. Florida v. United States*, 143 S. Ct. 89 (2022).

**C.    The holding of *In re Brewer* that a district court may grant post-dismissal motions to intervene is inconsistent with *Anago* and incorrect.**

In *Love v. Wal-Mart Stores, Inc.*, 865 F.3d 1322, 1326 n. 2 (11th Cir. 2017), this Court declined to answer the specific question presented here. It acknowledged, however, the D.C. Circuit's holding in *In re Brewer* that a district court has jurisdiction to grant a post-dismissal motion to intervene by putative class members. Respectfully, that court's conclusion is inconsistent with *Kokkonen* and *Anago* for the reasons described above, as well as the conclusion of district courts across the country as noted in footnote 3 *supra*. It is wrong for three other reasons, too.[4]

First, *In re Brewer* incorrectly attributed a jurisdictional holding to the Supreme Court's decision in *McDonald*. *See In re Brewer*, 863 F.3d at 868 (referring to the jurisdictional question and citing *McDonald* for the proposition that intervention by putative class members after a court dismissal "is certainly available"). This reads too much into the Supreme Court's decision, especially given the Supreme Court's explicit statement that it was interpreting Rule 24 of the Federal Rules of Civil Procedure. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

---

[4] The Fifth Circuit's decision in *Odle v. Flores*, 899 F.3d 342 (5th Cir. 2017), also cited in *Love*, is incorrect for the reasons described herein.

89, 119 (1984) ("When questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us." (citations omitted).)

Second, *In re Brewer* ignores the Supreme Court's more recent admonition, *in a case presenting a jurisdictional question* that "[i]t is to be presumed that a cause lies outside" federal court jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). Instead of placing the burden on the proposed intervenor, the court in *In re Brewer* presumed jurisdiction for a non-party and considered whether the Rule 41(a)(1)(A)(ii) stipulation had the effect of eliminating it. *In re Brewer*, 863 F.3d at 868–70. In *Anago,* this Court reasoned otherwise—that is, the filing of the stipulation of dismissal eliminated jurisdiction, and, in order to preserve any post-dismissal jurisdiction, the parties and the court needed affirmatively to do so. *Anago*, 677 F.3d at 1279–80. It would be incongruous to apply the opposite reasoning, especially for a non-party who sat on her rights for years.

Third, the court in *In re Brewer* identified no particular basis for finding jurisdiction after an action terminated. Instead, it argued that "depriv[ing] the court of jurisdiction … 'would frustrate the objectives of class actions' and 'waste … judicial resources by stimulating successive suits' 'contrary to sound judicial

administration.'" 863 F.3d at 870 (quoting *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338–39 (1980)). This reasoning runs afoul of the Rules Enabling Act, as well as the Supreme Court's reasoning in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018).

The Rules Enabling Act provides that the Federal Rules of Civil Procedure shall not be interpreted to "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Curlee concedes that she has no substantive right to pursue her claims absent intervention under Rule 24 of the Federal Rules of Civil Procedure. (Mot. to Intervene, ECF 163 at 10.) She could have filed her own action before or after class certification was denied. She could have sought to intervene in this case before the action terminated. She did none of those things. So she cannot rely on Rule 24 to revive a terminated action. *Cf. China Agritech, Inc.*, 138 S. Ct. at 1809-1810 (rejecting the argument that Rule 23 of the Federal Rules of Civil Procedure can provide a basis to revive time-barred class claims).

In *China Agritech, Inc.*, the Supreme Court considered and rejected policy arguments similar to those supporting the D.C. Circuit's decision in *In re Brewer*. The respondent Resh filed a third class action, outside the statute of limitations, ostensibly to represent the same class others attempted to certify in two prior cases. Resh argued that he should be permitted to do so because tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), extended the statute of

limitations. "[D]eclining to toll the limitation period for successive class suits," Resh argued, "will lead to a 'needless multiplicity' of protective class-action filings." 138 S. Ct. at 1810.

Writing for a unanimous Court, Justice Ginsburg rejected this policy argument. The Court explained:

> The plaintiff who seeks to preserve the ability to lead the class … has every reason to file a class action early, and little reason to wait in the wings, giving another plaintiff first shot at representation. … Indeed, multiple filings may aid a district court in determining, early on, whether class treatment is warranted, and if so, which of the contenders would be the best representative.

*Id.* at 1810–11.

Like the plaintiff in that case, Curlee's purpose for pursuing this matter is ostensibly to represent the putative class under Rule 23 of the Federal Rules of Civil Procedure, four years after the original action was filed. (ECF 163 at 1, 10, 12.) As the Supreme Court explained in *China Agritech, Inc.*, however, efficiency "favors early assertion of competing class representative claims." 138 S. Ct. at 1807. For that reason, the Supreme Court explained that Rule 23 could not, consistent with the

Rules Enabling Act, be used to revive class claims. Similar here, Rule 24 should not be interpreted to give rise to jurisdiction where none otherwise exists.

Therefore, this Court should not follow the holding of *In re Brewer* and instead should apply *Anago* and dismiss Curlee's appeal for lack of jurisdiction.

## CONCLUSION

For the reasons explained above, this Court should hold that (a) the January 23, 2023 stipulation of dismissal was valid and effective to dismiss the claims against AT&T Mobility, and (b) the district court did not have jurisdiction to consider and grant Curlee's motion to intervene after the case was rendered final by the January 23, 2023 stipulation of dismissal.

Dated: March 29, 2023

Respectfully submitted,

Kenneth W. Gage
PAUL HASTINGS LLP
200 Park Avenue, 30th Floor
New York, New York 10166
Tel: (212) 318-6000
kennethgage@paulhastings.com

Christine L. Cedar
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, D.C. 20036
Tel: (202) 551-1700
christinecedar@paulhastings.com

*Attorneys for Appellee*
*AT&T Mobility LLC*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.     This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B):

This document contains 5,111 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

This document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14pt Times New Roman font.

Dated:     March 29, 2023

Kenneth W. Gage

*Attorney for Appellee*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 29th day of March, 2023, I have electronically filed the foregoing APPELLEE AT&T MOBILITY LLC'S RESPONSE TO JURISDICTIONAL QUESTIONS with the Clerk of the Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.

_____
Kenneth W. Gage

*Attorney for Appellee*